GLICKSTEIN, Judge.
This is an appeal by the mother of the parties’ minor child from a final judgment in favor of the father, denying the mother’s petition for modification of child support. We reverse and remand.
The child was born on November 10,1965, and its paternity was judicially determined in 1968, at which time appellee was ordered to pay for the child’s care and support those amounts set forth in section 742.041, Florida Statutes (1967). Two years later, the mother sought increased support in light of the father’s income as a professional basketball player. The parties, both represented by counsel, then executed a settlement agreement which provided that the father would pay the mother $12,000, whereupon the father’s obligation for child support would cease. Of course, the child was not represented. The lawyers then filed a signed stipulation, attaching the agreement; but the court file does not reflect any approval by the trial court of the agreement or such concept, terminating the father’s obligation to support his child.
Ten years later, the mother filed her present petition. Although the trial court expressly found that it was violative of public policy of this state to deny the mother access to the court for child support, notwithstanding the parties’ settlement agreement; and that there was genuine need by the mother for child support, it denied the petition because it found the father did not have the ability to pay.
The only apparent evidence upon which to deny relief was the testimony of the father, now self-employed as a contractor in New York, that he only earned $4,000 in 1981. There was absolutely no evidence that the father was mentally or physically incapacitated.
The significance of the trial court’s decision is to absolve a healthy but struggling father from his obligation to pay any support for his needy child, which proposition is intolerable. As it is, the father has only *531 paid the equivalent of $20 per week while living the life of a professional athlete during part of his child’s youth.
On remand the trial court is directed to determine the amount of child support the father shall be ordered to pay, effective as of the date on which the present petition was filed.
BERANEK and HERSEY, JJ., concur.